Gabriel V. Kory #022536
gabe@mwkfirm.com
Teri M. Rowe #023957
teri@mwkfirm.com
**MILLER WEBER KORY LLP**
506 East Portland Street
Phoenix, Arizona 85004
(602) 648-4045  (602) 374-8101 (fax)
*Attorneys for Plaintiffs*

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Estate of SANDRA SURPRISE, <br><br> Deceased. <br><br> THE ESTATE OF SANDRA SURPRISE by and through RICHARD SURPRISE, Personal Representative; individually, and on behalf of SANDRA SURPRISE'S statutory beneficiaries, Michael Surprise, Daniel Surprise and Kristen DiPasqualucci; <br><br> Plaintiffs, <br><br> vs. <br><br> FSQ, INC., a foreign corporation, f/k/a FIVE STAR QUALITY CARE, INC., d/b/a THE FORUM AT DESERT HARBOR, licensed as FS TENANT POOL III TRUST;  FS TENANT POOL III TRUST, a foreign corporation;  FIVE  STAR  DESERT HARBOR, LLC, a foreign limited liability company; FVE FM FINANCING, INC., a foreign  corporation;  SUSAN  GOAD, Administrator of THE FORUM AT DESERT HARBOR; <br><br> Defendants. | NO.  2:15 CV 01751- PHX-DJH <br><br><br> **AMENDED COMPLAINT** |

Plaintiffs, Richard Surprise, on behalf of the Estate of Sandra Surprise, with

respect to violations of abuse and neglect under A.R.S. § 46-455; and individually, as

well as on behalf of statutory beneficiaries, Michael Surprise, Daniel Surprise and Kristen DiPasqualucci, with respect to claims for wrongful death pursuant to A.R.S. § 12-611 *et seq.*, allege as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     At all times mentioned herein, Sandra Surprise was a resident of The Forum at Desert Harbor (hereinafter "The Forum"), Maricopa County, Arizona; all negligent acts related to this Complaint occurred in Maricopa County, Arizona.

2.     Plaintiffs bring this action under A.R.S. § 46-455, for injuries, pain and suffering and other economic and non-economic damages, sustained by Sandra Surprise, prior to her death.  The injuries and other damages resulted from the acts and omissions of the Defendants and their agents and employees and survive her death pursuant to Arizona Law, including but not limited to A.R.S. § 46-451, *et seq*.

3.     Plaintiffs also bring this action individually and on behalf of the statutory survivors of Sandra Surprise, including: Richard Surprise, Michael Surprise, Daniel Surprise and Kristen DiPasqualucci under A.R.S. § 12-611, *et seq.*  Plaintiffs bring these claims for damages for Sandra Surprise's wrongful death, including loss of consortium, emotional distress, and other economic and non-economic damages resulting from the acts and omissions described below.

4.     On information and belief, at all times mentioned herein, FSQ, Inc. was a foreign corporation formerly known as Five Star Quality Care, Inc., doing business as The Forum at Desert Harbor located at 13840 North Desert Harbor Drive, Glendale, Maricopa County.

Miller Weber Kory LLP
Attorneys at Law
566 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

5.      At all times mentioned herein, The Forum was licensed by the State of Arizona, Department of Health Services, as a nursing care facility under the licensee name FS Tenant Pool III Trust.

6.      At all times mentioned herein, FS Tenant Pool III Trust was a foreign corporation that owned or operated The Forum.

7.      On information and belief, at all times mentioned herein, Five Star Desert Harbor, LLC was a foreign limited liability company that owned or operated The Forum.

8.      On information and belief, at all times mentioned herein, FVE FM Financing, Inc. was a foreign corporation that owned or operated The Forum.

9.      On information and belief, at all times mentioned herein, Susan Goad was licensed by the State of Arizona as an Administrator, was the Administrator of The Forum at Desert Harbor, and was a resident of Maricopa County, Arizona.

10.     Upon information and belief, Defendants FSQ, Inc., a foreign corporation, f/k/a Five Star Quality Care, Inc., d/b/a The Forum at Desert Harbor, licensed as FS Tenant Pool III Trust;  FS Tenant Pool III Trust, a foreign corporation; Five Star Desert Harbor, LLC, a foreign limited liability company; FVE FM Financing, Inc., a foreign corporation; Susan Goad, Administrator of The Forum; were all acting in a joint venture and as an enterprise in the operation and management of The Forum and are jointly liable for the negligent acts and omissions described below.   Said Defendants are hereinafter jointly referred to as the "Defendants."

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

11.     All Defendants identified as corporations or other such entities were at all times mentioned herein acting by and through officers, employees, agents, and contractors, who were acting within the course and scope of their employment and authority, and acting as an enterprise as referred to in A.R.S. § 46-455(B) and (P), such that these corporations or other such entities are bound by, and vicariously liable for, the conduct of their officers, agents, employees, and contractors.   Such corporations or other such entities also are directly liable for their own negligence, recklessness, and other tortious conduct in the hiring, funding, management and supervision of the officers, employees, agents, and contractors whose conduct gives rise to this action.

12.     At all times pertinent, Defendants held themselves out as competent and qualified in providing, supervising and administering health care to the public and to Sandra Surprise and her family and willing to comply with the appropriate standard of care for health providers in their respective fields.

13.     On information and belief, at all times mentioned herein, FSQ, Inc. f/k/a Five Star Quality Care, Inc., FS Tenant Pool III Trust, Five Star Desert Harbor, LLC, FVE FM Financing, Inc. and/or The Forum at Desert Harbor was the employer of all those persons who attended to Sandra Surprise while she was a resident at The Forum, and those persons in administrative, management and supervisory positions who directed the operations of The Forum, all of whom were acting in the course and scope of their employment, such that Defendants are vicariously liable for the negligent acts and omissions described below.

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

14.    Sandra Surprise was a resident of The Forum from approximately November 23, 2013 through January 18, 2014.

15.    At all times mentioned herein, Defendants knew and had reason to know that Sandra Surprise was an incapacitated and vulnerable adult, as those terms are defined in A.R.S. §46-451.

16.    Among the duties Defendants and their employees owed to Sandra Surprise was the duty to report incidents of abuse or neglect, as required by A.R.S. § 46-454, whenever any employee of Defendants had a reasonable basis to suspect that such abuse or neglect had occurred.

17.    At all times mentioned herein, The Forum was certified as a nursing facility for purposes of Medicaid, Medicare, the Arizona Health Care Cost Containment System (AHCCCS), and the Arizona Long-Term Care System (ALTCS).

18.    Defendants and their employees owed Sandra Surprise a variety of duties under Federal statutes and regulations, State statutes and regulations, and the common law.

19.    The Federal statutes and regulations referenced above include, but are not limited to, the Federal Nursing Home Reform Act and the Omnibus Budget Reconciliation Acts of 1987, 1989, 1990 and 1993 (*see,* 42 U.S.C. § 1395 *et seq.* and 42 C.F.R. 483 *et seq.).*

///

///

20.     The State statutes and regulations referenced above include, but are not limited to, A.R.S., §§ 46-451 *et seq.*, 32-1631 *et seq.*, 36-446, *et seq.* and Arizona Administrative Code R4-19-101 *et seq.*, and R9-10-401 *et seq.*

21.     Upon information and belief, at all times mentioned herein Defendants The Forum acted as the Arizona Administrative Code R9-10-403(A) governing authority and the 42 C.F.R. §483.75(d) governing body of The Forum at the time of the events described in this Complaint, and was responsible for, among other things:

a.      Establishing and implementing policies regarding the management and operation of the facility, *see, e.g.,* 42 C.F.R. §483.75(d)(1);

b.      Appointing an administrator who is responsible for the operation and administration of the facility, *see, e.g.*, 42 C.F.R. §483.75(d)(2), Ariz. Admin. Code R9-10-403(A)(3) and R9-10-403(B)(1-3);

c.      Appointing a medical director who is responsible for the coordination of medical services provided to facility residents, *see, e.g.,* Ariz. Admin. Code R9-10-401(10) and R9-10-413(A);

d.      Approving or designating an individual to approve the facility's policies and procedures, *see, e.g.,* Ariz. Admin. Code R9-10-403(A)(2);

e.      Complying with applicable federal and state laws, rules and local ordinances governing operations of a nursing care institution, *see, e.g.,* Ariz. Admin. Code R9-10-403(B)(4); and

f.      Adopting, establishing, administering, and evaluating a quality management program that evaluates the quality of the facility's services,

including contracted services provided to residents, *see, e.g.* Ariz. Admin. Code R9-10-403(A)(4-6) and R9-10-404(1).

22.     As a result of the negligent acts and omissions by Defendants The Forum described in this Complaint, Plaintiffs suffered injuries as described below.

23.     At the time of the events described in this Complaint, Defendants The Forum had authority and control of the operation and management of The Forum skilled nursing facility and its agents and servants, including the creation and enforcement of staffing levels, budgets, and other management policies and financial goals.

24.     Defendant Susan Goad was the Administrator and Executive Director of The Forum at Desert Harbor at the time of the events described in this Complaint.

25.     Defendant Susan Goad was an employee of Defendant The Forum during the time she was Administrator and Executive Director of The Forum.

26.     As the Administrator of The Forum, Defendants Susan Goad was responsible for, among other things:

a.  The operation, management and general administration of The Forum, *see, e.g.,* 42 C.F.R. §483.75(d)(2)(ii), A.R.S. §36-466(1) and Ariz. Admin. Code R9-10-403(B)(1-2);

b.  Ensuring that policies and procedures are established, documented, and implemented that cover abuse of residents, qualifications and duties for facility staff, orientation and in-service education for facility staff, quality

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

management (including incident documentation), nursing services, and medical records, *see, e.g.,* Ariz. Admin. Code R9-10-403(C)(1);

c.  Investigating allegations of abuse of a resident and reporting the allegations to the Arizona Department of Health Services, *see, e.g.,* Ariz. Admin. Code R9-10-403(F)(1-2);

d.  Reviewing the facility's policies and procedures at least once every twenty-four months, *see, e.g.,* Ariz. Admin. Code R9-10-403(C)(1,3);

e.  Ensuring that the facility's policies and procedures are available to each staff member, *see, e.g.* Ariz. Admin. Code R9-10-403(C)(4);

f.  Ensuring that a staff member who provides direct care is available to meet the needs of a resident based on the resident's comprehensive assessment, *see, e.g.,* Ariz. Admin. Code R9-10-407(3-4); R9-10-406(B)(3) and R9-10-412(A)&(B)(1);

g.  Ensuring that a staff member who provides direct care demonstrates and maintains competency and proficiency according to criteria established in the facility's policies and procedures, *see, e.g.,* Ariz. Admin. Code R9-10-406(B)(1-2);

h.  Ensuring that orientation for a staff member or a volunteer begins in the first week of employment or volunteer service and covers the facility policies and procedures and resident rights, and infection control and prevention of communicable diseases, *see, e.g.,* Ariz. Admin. Code R9-10-406(H)(1-2);

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

i.  Ensuring that the facility provides nursing services twenty-four hours a day, *see, e.g.,* Ariz. Admin. Code R9-10-412(A)(1);

j.  Ensuring that a director of nursing is appointed who works full time at the facility and is responsible for the direction of nursing services, *see, e.g.,* Ariz. Admin. Code R9-10-412(A)(2);

k.  Ensuring that the director of nursing or another individual designated by the administrator participates in the facility's quality management program, *see, e.g.,* Ariz. Admin. Code R9-10-412(A)(3);

l.  Ensuring that a resident is treated with consideration, respect and dignity, *see, e.g.,* Ariz. Admin. Code R9-10-410(B)(2);

m.  Ensuring that a resident is free from abuse, *see, e.g.,* Ariz. Admin. Code R9-10-410(B)(3);

n.  Ensuring that a resident is free from interference, coercion, discrimination, and reprisal from a staff member, the administrator, or a volunteer for exercising the resident's rights, *see, e.g.,* Ariz. Admin. Code R9-10-410(B)(3);

o.  Ensuring that a medical record is established and maintained for each resident, that a resident's medical record contains a record of medical services and nursing services provided to the resident; and that entries in a resident's medical record are dated, legible, authenticated, and not changed to make the initial entry illegible, *see, e.g.,* Ariz. Admin. Code R9-10-411(A)(1-2) and R9-10-411(C);

p. Ensuring that safeguards exist to prevent unauthorized access to medical records that are kept electronically and that the date and time of an entry in a medical record is recorded by the computer's internal clock, *see, e.g.*, Ariz. Admin. Code R9-10-411(B);

q. Requiring that a plan is established, documented, and implemented for a quality management program that includes collection of data to evaluate facility services provided to residents, *see, e.g.,* Ariz. Admin. Code R9-10-404.

27.    Defendant Susan Goad, Administrator of The Forum assumed a legal duty to provide care and treatment to Sandra Surprise, and was employed to provide care to Sandra Surprise during the time of events described in this Complaint.

28.    At all times mentioned herein, Defendants and their agents and employees had a duty to employ sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by appropriately prepared resident assessments and individual plans of care.

29.    At all times mentioned herein, Defendants and their agents and employees had a duty to provide for the safety of residents, who were impaired and in need of special precautions for their safety, by providing each resident with adequate monitoring, supervision, assistance, hydration, nutrition, intake and output monitoring, and nursing and medical intervention to prevent injury or deterioration of their health as well as to provide curative and restorative care as needed and as

prescribed by physicians, physical therapies, and to have a system in place that would deliver such care in a safe efficient manner.

30.    At all times mentioned herein, Defendants and their agents and employees owed Sandra Surprise a duty to provide reasonable and appropriate health care services in accordance with the recognized standards of care.

31.    At all times mentioned herein, Defendants and their agents and employees owed Sandra Surprise a duty to monitor her intake and output levels, hydration, and accurately monitor and record her bowel elimination history, and protect her from harm and competently help her recover from same.

32.    At all times mentioned herein, Defendants and their agents and employees owed Sandra Surprise at The Forum a duty to adequately screen evaluate and check references, test for competence, and use reasonable care in selecting management, nurses, nursing assistants, and other personnel to work for them.

33.    At all times mentioned herein, Defendants and their agents and employees owed Sandra Surprise a duty to employ, train, motivate and schedule sufficient nurses, nursing assistants, and other personnel to provide adequate care for her and keep her safe from harm.

34.    At all times mentioned herein, Defendants and their agents and employees owed Sandra Surprise a duty to provide adequate staff to monitor her condition and to adequately train, motivate, and supervise that staff in performing assessments or planning for her care and safety needs.

35.     At all times mentioned herein, Defendants and their agents and employees owed Sandra Surprise a duty to create and maintain adequate records of her assessment, care plan, condition, progress, and treatment.

36.     At all times mentioned herein, Defendants and their agents and employees owed Sandra Surprise a duty to follow orders and recommendations of physicians in providing care, treatment and safety management to her.

37.     At all times mentioned herein, Defendants and their agents and employees owed Sandra Surprise a duty to notify physicians and emergency services as reasonably necessary, to seek physicians' consultation and treatment, and to provide the physicians with adequate information to enable the physicians to make informed decisions concerning her condition and history.

38.     By contract and by accepting Sandra Surprise under their care and supervision, Defendants and their agents and employees expressly or impliedly represented to Sandra Surprise and her family that Defendants and their employees were ready, willing, and able to undertake and carry out the duties enumerated above.

39.     Sandra Surprise was initially admitted to The Forum on approximately November 23, 2013, and placed under the care of the Defendants and their agents and employees.  During her admission Defendants and their agents and employees failed to appropriately monitor Sandra's intake and output, hydration and bowel elimination history allowing her to go for an extended period of time with no bowel movement. On January 18, 2014, she was transferred to Banner Boswell Medical Center in septic

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

shock with multisystem organ failure due to colonic perforations with fecal peritonitis, where she died on January 27, 2014.

40.     The named Defendants and their agents and servants permitted and/or caused Sandra Surprise to be abused and neglected at The Forum skilled nursing facility by, among other things: (a) failing to employ sufficient numbers of properly trained staff to provide the care and services that The Forum residents required; (b) failing to appropriately monitor Sandra Surprise's intake and output, hydration, and bowel elimination history; (c) failing to provide and obtain timely medical care for Sandra Surprise; and (d) failing to inform Sandra Surprise, her family members, the Arizona Department of Health Services, the Center for Medicare and Medicaid Services, or anyone else, that The Forum residents were not receiving the care and services they required.

41.     During the time Sandra Surprise was a resident of The Forum, Defendants failed to exercise that degree of care, skill and learning expected of health care providers in the professions or classes to which they belong within the State acting reasonably in the same or similar circumstances.

42.     During the time Sandra Surprise was a resident of The Forum, she suffered from a number of maladies which required proper assessment, care planning, monitoring, supervision, medication and treatment, and medical intervention.

43.     The Defendants and their agents and employees failed to properly assess and diagnose Sandra Surprise's condition or develop an appropriate care plan to

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

enhance her health and prevent and address those conditions from which she suffered and keep her safe.

44.     The Defendants and their agents and employees failed to properly monitor and assess Sandra Surprise's condition and communicate that condition to her physicians so that appropriate orders could be obtained.

45.     The Defendants and their agents and employees failed to create and maintain accurate and adequate records of Sandra Surprise's assessment, care plan, condition, progress and treatment.

46.     The Defendants and their agents and employees failed to properly administer care to Sandra Surprise, including, but not limited to, properly assessing her needs, properly care planning for her needs, properly carrying out orders, monitoring her condition, monitoring her safety needs, recommending appropriate tests and consultations, advocating for her needs, monitoring her intake and output, hydration and bowel elimination history, and failing to educate her and her family and physicians with regard to her illnesses, cognition, mental status, risk of constipation, risk of injury, and failing to monitor her health generally.

47.     The above described breaches resulted in part from Defendants' failure to adequately screen, evaluate and check references, test for competence, and to use reasonable care in selecting management, nurses, nursing assistants, and other personnel to work for Defendants.

///

///

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

  
48.     The above described breaches resulted in part from Defendants' failure to employ, train, motivate and schedule sufficient nurses, nursing assistants, and other personnel to provide adequate care, monitoring and supervision to Sandra Surprise.

49.     The above described breaches resulted in part from Defendants' failure to provide adequate staff to monitor and supervise Sandra Surprise's condition and to adequately train, motivate and supervise that staff in performing assessments or planning for her care, treatment and safety needs.

50.     The Defendants owed a duty to Sandra Surprise and to the consuming public to control, manage, supervise and budget the operations of its nursing home facility in a way as to reasonably monitor and keep track of the quality of care of its residents, and take those steps necessary to correct deficiencies therein, and to communicate candidly with regulatory agencies the status of health care so as to avoid a pattern of negligent care, neglect and abuse of residents.

51.     The Defendants failed to control, manage, supervise and budget the operations of its nursing home in a reasonable manner to monitor the quality of care in its nursing home facility and otherwise manage the operations of the facility, resulting in a pattern of deficiencies in the quality of care, including: failure to maintain accurate clinical records, failure to develop and implement policies and procedures that prohibit mistreatment, neglect and abuse of residents and other such neglectful care of residents, including Sandra Surprise.

///

///

52.     The above-described breaches resulted in part from Defendants' failure to adequately fund The Forum's operating budget including the direct care staff budget resulting in an understaffing of the nursing facility.

53.     The above-described breaches, including the failure to recognize Sandra Surprise's changes in condition, failure to appropriately monitor her intake and output, hydration and bowel elimination history, failure to inform physician(s) of her condition proximately caused her to be allowed to go for an extended period of time without a bowel movement resulting in colonic perforation, fecal peritonitis with sepsis and septic shock.  She was transferred to the Banner Boswell Medical Center on January 18, 2014 and she died on January 27, 2014, during which time she suffered stress, anxiety, pain and suffering until her death.

## **COUNT ONE**

### **(Violation of A.R.S. §§ 46-454 and 46-455 by all Defendants)**

54.     All allegations above are incorporated by reference as if fully set forth herein.

55.     The acts and omissions of Defendants constitute a breach of the above-enumerated duties and a deviation from the appropriate standard of care and reckless disregard for the needs of Sandra Surprise, constituting abuse and neglect of a vulnerable adult, as defined by statute, giving rise to a cause of action under A.R.S. § 46-455, and justifying an award of compensatory and punitive damages and all related expenses.

///

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

16

56.     The above-described breaches, abuse and neglect are representative of a pattern of abuse and neglect of incapacitated and vulnerable adults as evidenced by Defendants' Arizona Department of Health Survey history, previous incidents, lack of appropriate staffing, and ongoing patterns of abuse and/or neglect of residents at The Forum, as those terms are defined by A.R.S. § 46-451, justifying investigation by the Court and Plaintiffs into the operations and patterns of abuse and neglect of residents and other wrongdoing, justifying the award of damages and such other penalties, injunctions and orders as the Court deems appropriate.

57.     Based on the foregoing allegations, Defendants and their employees had a reasonable basis to suspect Sandra Surprise, was a victim of abuse or neglect, as defined by A.R.S. § 46-451.

58.     Defendants and their employees did not report that Sandra Surprise, was a victim of abuse or neglect, as required by A.R.S. § 46-454.

59.     By failing to report that Sandra Surprise was a victim of abuse or neglect, as required by A.R.S. § 46-454, Defendants and their employees permitted such abuse and neglect, to continue, resulting in the endangerment of Sandra Surprise's health.

## COUNT TWO

### (Negligence/Wrongful Death by all Defendants)

60.     All allegations set forth above are incorporated by reference as if fully set forth herein.

///

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

61.     At all times pertinent, Defendants owed a duty to exercise reasonable care in caring for Sandra Surprise and provide for her custodial, medical, nursing, and safety needs.

62.     By reason of the acts and omissions set forth above, Defendants breached their duty to Sandra Surprise, which breaches resulted in her overall health deterioration and death.

63.     The acts and omissions by Defendants constitute negligence by reason of failure to abide by and adhere to the standard of care of governing healthcare providers in their respective fields.

64.     The acts and omissions by Defendants constitute negligence *per se* by reason of failure to abide by and adhere to provisions of Federal and State law governing skilled nursing facilities and patients' rights in such facilities.

65.     The acts and omissions by Defendants constitute the deliberate and reckless disregard for the well-being of Sandra Surprise.

66.     As a proximate result of the acts and omissions by Defendants, including Defendants' reckless disregard for the health and safety of Sandra Surprise, she was allowed to go for an extended period of time without a bowel movement resulting in colonic perforation, fecal peritonitis with sepsis and septic shock.  She was transferred to the Banner Boswell Medical Center on January 18, 2014 and she died on January 27, 2014, where she suffered stress, anxiety, pain and suffering until her death.

///

## COUNT THREE

## (Declaratory Relief)

67.   Plaintiffs incorporate as if fully stated herein the allegations of all previous and subsequent paragraphs of this Complaint.

68.   Plaintiffs expect Defendants to assert contractual arbitration in response to this Complaint.

69.   The assertion of an arbitration agreement against a vulnerable and incapacitated person is contrary to public policy and the purpose of Arizona statutes intended to protect vulnerable and incapacitated persons.

70.   The arbitration agreement is invalid under principles of Arizona law for the following reasons:  1) the document is unconscionable, both substantively and procedurally, 2) there was lack of informed consent; 3) there was no meeting of the minds; 4) the document violates public policy, and other reasons under common law.

71.   Plaintiffs seek a declaration that any agreement for arbitration is invalid and unenforceable.

72.   Further, Plaintiffs' surviving statutory beneficiaries seek an order of this Court that any arbitration agreement, whether or not it is valid and enforceable as to the deceased, may not be enforced to compel arbitration with respect to the wrongful death claims of the surviving family, who are in no way parties to any arbitration agreement.

///

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

73.   To the extent that the arbitration agreement is found valid and enforceable as to any of the claims of Plaintiffs' Decedent or the Estate of Sandra Surprise, Plaintiffs request that the Court refer those claims, and those claims only, to arbitration, while retaining jurisdiction to interpret and enforce the terms of any such arbitration and for the entry and enforcement of any judgment.

74.   To the extent that any invocation of arbitration is required as to any claim, the filing of this Complaint shall constitute Plaintiffs' invocation of arbitration as an alternative venue for such claims as may be subject to any arbitration agreement.

## **COUNT FOUR**

### **(Punitive Damages)**

75.   Plaintiff incorporates as if fully stated herein the allegations of all previous and subsequent paragraphs of this Complaint.

76.   The foregoing conduct by Defendants evidences an evil hand guided by an evil mind, as defined by Arizona law, justifying the award of punitive damages in an amount to be determined at the time of trial.

77.   The foregoing conduct by Defendants evidences a reckless disregard to the rights of others and created an unreasonable risk of physical harm to the residents of the facility, including Sandra Surprise, justifying the award of punitive damages in an amount to be determined at the time of trial.

78.   The foregoing conduct by Defendants evidences a conscious disregard of a known risk of harm to the residents of the facility, including Sandra Surprise,

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

justifying the award of punitive damages in an amount to be determined at the time of trial.

79.    Defendants' conduct evidences chronic understaffing that led to improper patient care.

80.    Defendants and their staff consciously disregarded known risks of harm to Sandra Surprise by failing to follow physician's orders regarding bowel care and monitoring, failing to follow up on the results of any interventions, failing to perform adequate assessments, failing to address Mrs. Surprise's change in condition, and improperly and falsely charting.

81.    Defendants' conduct evidences a conscious and reckless disregard of known risks of harm, and caused the harm and death of Sandra Surprise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, each of them, including:

A.    For compensatory damages in a reasonable and appropriate amount, awarded to the Estate of Sandra Surprise for her pain and suffering and other economic and non-economic damages;

B.    For compensatory damages in a reasonable and appropriate amount, awarded to survivors of Sandra Surprise for Sandra Surprise's wrongful death;

C.    For punitive damages awarded to the Estate of Sandra Surprise in a reasonable and appropriate amount to be determined by a jury;

D.     For punitive damages awarded to the survivors of Sandra Surprise in a reasonable and appropriate amount to be determined by a jury;

E.     For Plaintiffs' costs and expenses in prosecuting this matter;

F.     For reimbursement to governmental agencies for payments for medical care and other services necessitated by Defendants' abuse, neglect, and other wrongful conduct, to the extent such agencies claim liens, reimbursement rights, and/or subrogation rights against the damage awards in this action; and

G.     For such relief, orders, and injunctions as the court deems appropriate.


RESPECTFULLY SUBMITTED this  15th day of September, 2015.


**MILLER WEBER KORY LLP**


By /s/Teri M. Rowe_____
     Gabriel V. Kory, Esq.
     Teri M. Rowe, Esq.
     506 East Portland Street
     Phoenix, Arizona   85004
     *Attorneys for Plaintiffs*

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004

1

2

**ORIGINAL** of the foregoing filed electronically this 15th day of September, 2015, with:

3

United States District Court

4

5

6

**COPY** of the foregoing electronically transmitted this 15th day of September, 2015, to:

7

8

9

10

Carol M. Romano, Esq.
Kelli K. Williams, Esq.
GUST ROSENFELD, PLC
One East Washington Street, Suite 1600
Phoenix, AZ  85004
*Attorneys for Defendants*

11

12

By  _/s/Lorraine E. Toner, ACP_

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Miller Weber Kory LLP
Attorneys at Law
506 EAST PORTLAND STREET
PHOENIX, ARIZONA 85004