IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Sandra Surprise by and through Richard Surprise, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FSQ Incorporated, et al.,<br><br>Defendants. | No. CV-15-01751-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 12). Defendants have filed a Response in Opposition (Doc. 14) and Plaintiffs have filed a Reply (Doc. 15). Plaintiffs contend that after Defendants filed their Notice of Removal (Doc. 1) on September 1, 2015, Plaintiffs confirmed the identity of the individual referred to as "John Doe Administrator" in the original Complaint. They filed an Amended Complaint (Doc. 10) on September 15, 2015, naming Defendant Susan Goad and identifying her as the Administrator of the Forum at Desert Harbor. Defendant Goad, they contend, is a citizen and resident of Arizona, as are the Plaintiffs. (Doc. 10 at 3). As a result, Plaintiffs argue there is no diversity of citizenship, thus eliminating this Court's subject matter jurisdiction over this case and the basis for Defendants' removal. Accordingly, Plaintiffs are seeking an order remanding this case to the State court.

Also pending are Defendants' Motion to Dismiss and/or Stay Proceedings and Compel Arbitration (Doc. 9), and Defendant Susan Goad's Motion to Dismiss (Doc. 21). The Motion to Remand, however, challenges the Court's subject matter jurisdiction over

this action.  The Court will therefore address the remand motion first, and only if the Court denies the Motion to Remand, will it decide the two other pending motions.

**A.  Removal Based on Diversity Jurisdiction**

As stated in Defendants' Notice of Removal (Doc. 1), Plaintiffs initiated this action in Maricopa County Superior Court on August 13, 2015.  Defendants contend in the Notice that the Plaintiffs are all residents of Arizona and that the named Defendants in the Complaint are corporations with their principal places of business in Massachusetts.  (Doc. 1 at 2-3).  Defendants further assert that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  (Doc. 1 at 3).  Accordingly, Defendants contend that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and, as a result, removal is proper pursuant to 28 U.S.C. § 1441(b).  (*Id.*).

28 U.S.C. § 1441 authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…."  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states."  28 U.S.C. § 1332.[1]  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynergy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Based on the citizenship of the parties identified in the Complaint and the allegations pertaining to the amount in controversy, it appears that removal of this action was, at the time, proper under 28 U.S.C. § 1441(b).  Plaintiffs argue, however, that as a result of filing their Amended Complaint after the case was removed, diversity of citizenship no longer exists and the Court is without subject matter jurisdiction.

---

[1] A separate basis for original jurisdiction, federal question jurisdiction, is not applicable here.  *See* 28 U.S.C. § 1331.

**B. Impact of Amended Complaint on Jurisdiction**

As referenced above, Plaintiffs named "John Does I-X Administrator(s) of the Forum" as Defendants in the original Complaint. (Doc. 1-2 at 5).[2] The Forum at Desert Harbor is a nursing care facility licensed by the State of Arizona and located in Glendale, Arizona. (Doc. 1-2 at 4). Plaintiffs contend that after Defendants filed the Notice of Removal on September 1, 2015, they confirmed the identity of the Administrator of the Forum at Desert Harbor. Plaintiffs then filed an Amended Complaint on September 15, 2015, naming Defendant Susan Goad as the Administrator. (Doc. 10 at 3). In addition, Plaintiffs allege in the Amended Complaint that, like them, Defendant Goad is a citizen and resident of Arizona. (*Id.*). Defendants are not disputing that Plaintiffs satisfied the requirements of Fed.R.Civ.P. 15(a)(1) for amending their Complaint once "as a matter of course." (Doc. 14 at 2). Plaintiffs therefore argue that because their properly filed Amended Complaint destroys diversity jurisdiction, the case should be remanded.

Defendants, on the other hand, argue that, despite the timely filed Amended Complaint, the case should be analyzed under 28 U.S.C. § 1447(e), which governs joinder of additional defendants after removal of an action to federal court. They contend that the factors relevant to an analysis under that statute weigh against joinder of Defendant Goad and that the Court should not allow Goad to be joined. Defendants argue, therefore, that the motion to remand should be denied.

Although neither Plaintiffs nor Defendants raised it, "[t]here is a split in authorities, unresolved by the Ninth Circuit, on what standard governs … whether to permit joinder" under these circumstances. *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (collecting cases). The *McGrath* court explained that, relying on the liberal amendment policy of Fed.R.Civ.P. 15(a), some courts have found that plaintiffs are not required to seek leave to add a party after removal even if the effect is to destroy diversity jurisdiction. *See id.* (collecting cases). Other courts have held,

---

[2] Citations to attachment numbers and page numbers of filed documents correspond to the attachment numbers and page numbers generated by the Court's electronic filing system, not the pre-printed attachment numbers and page numbers on the original documents.

however, "that once a case has been removed to federal court, the court must scrutinize a diversity destroying amendment to ensure that it is proper under 28 U.S.C. section 1447(e)." *Id.* (collecting cases).

Here, the Court need not decide which side of the split it finds more persuasive because, under either standard, the Court finds in favor of Plaintiffs. The Court will, however, apply the standard under 28 U.S.C. § 1447(e) to demonstrate that even under the more restrictive approach, Plaintiffs are entitled to join Defendant Goad.

28 U.S.C. § 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

"[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising that discretion, the district court should consider several factors, including "(1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *McGrath*, 298 F.R.D. at 607 (citations and internal quotations omitted); *see also Clinco v. Roberts*, 41 F.Supp.2d 1080, 1082 (C.D. Cal. 1999) (same); *Perryman v. Life Time Fitness, Inc.,* 2009 WL 5185177, *1-*2 (D. Ariz. Dec. 22, 2009) (same).

Applying these factors, the Court has no difficulty concluding that Plaintiffs should be permitted to join Ms. Goad as a Defendant.[3] With respect to the first factor, Defendant Goad, as the Administrator of the facility where the alleged misconduct

---

[3] The Court reaches this conclusion after conducting its own research, reviewing relevant case law and applying the law to these facts. Plaintiffs' sparse motion and reply failed to cite a single case in support of their position and was of little value to the Court in ruling on the motion.

occurred, is needed for just adjudication and would be joined under Fed.R.Civ.P. 19(a). Plaintiffs allege in the Amended Complaint that as the Administrator, Ms. Goad was responsible for the operation, management and general administration of the facility, among several other responsibilities.  This factor therefore weighs in Plaintiffs favor. (Doc. 10 at 7-8).

Regarding the second factor, the statute of limitations may well prevent a new action against Defendant Goad.  As Defendants acknowledge in their Response, the statute of limitations may have expired on November 23, 2015 for certain claims and on January 27, 2016 for other claims.  Thus, this factor weighs in Plaintiffs' favor.

As to the third factor, there was no unexplained delay in seeking to add Ms. Goad as a Defendant.  Plaintiffs essentially preserved the right to identify the Administrator by naming a John Doe Administrator in the original Complaint.  The Amended Complaint naming Ms. Goad as the Administrator was filed a month and two days after the original Complaint, and fifteen days after the Notice of Removal.  Plaintiffs explain that they did not learn the Administrator's identity until after filing the original Complaint.  The time that passed before filing their Amended Complaint was not unreasonable and does not constitute an "unexplained delay."  The third factor favors Plaintiffs.

The fourth factor also favors Plaintiffs.  Defendants filed their Notice of Removal nineteen days after Plaintiffs filed the original Complaint.  Defendants could see in the Complaint that certain John Doe Defendants were named, which suggested that upon learning their identifications, Plaintiffs would likely seek to amend the Complaint.  The Court finds no basis to suggest that the addition of Ms. Goad as a Defendant was intended solely to defeat federal jurisdiction, especially given the alleged significance of Ms. Goad's role with respect to the underlying allegations.

Having determined that at least four of the above referenced factors favor Plaintiffs, the Court finds, pursuant to its authority under 28 U.S.C. § 1447(e), that Plaintiffs are permitted to add Ms. Goad as a Defendant in this action.  The parties agree that the addition of Ms. Goad as a Defendant destroys this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Because no other basis exists for this Court to exercise subject

matter jurisdiction over this matter, Plaintiffs' Motion to Remand will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 12) is **GRANTED**. The Clerk of Court shall remand this action to the Maricopa County, Arizona, Superior Court.

**IT IS FURTHER ORDERED** that because the Court is without subject matter jurisdiction over this case, the Court issues no decision on Defendants' Motion to Dismiss and/or Stay Proceedings and Compel Arbitration (Doc. 9), and Defendant Susan Goad's Motion to Dismiss (Doc. 21).

**Dated** this 1st day of April, 2016.

Honorable Diane J. Humetewa
United States District Judge